JOHN C. FERRIS, Adm'r, *et al.*, *v.* HENRY EICHBAUM, *et al.*

1. TRUST ESTATE. *Trustee fails to give bond and take oath. Effect of.* Where a trustee fails to give bond and take the oath, under §1974 of the Code, and makes a sale of the trust property by the advice of one of the beneficiaries, and is joined in the deed by the grantor, the sale will be valid so far as the creditor of such beneficiary is concerned, who seeks to recover his debtor's interest in the trust estate.

2. SAME. *Same. Arguendo.* The creditor of such beneficiary might have relief against the trustee to the extent of the indebtedness still due the beneficiary and unpaid.

3. SAME. *Same. Purchaser. How affected.* A purchaser of property sold under such circumstances, upon the ground that the sale is void, will not be liable, where he has reconveyed the same to a third party, and had no interest at the filing of the bill, the remedy being against the property in the hands of the present owner or claimant.

Code cited: §1974.

---

FROM DAVIDSON.

---

No record to be found.

McFARLAND, J., delivered the opinion of the Court.

The bill alleges that on December 31, 1859, Wm. Eichbaum, by deed, conveyed certain real estate therein described, and a negro woman to Henry Eichbaum, in trust, to secure a debt of $15,100, due to Catherine M. Eichbaum, the wife of said William A., for the rents of her separate property, situated in Nashville,

from 1847 to 1859—a debt to Mary C. Stevens for $1,937—a debt to John D. Eichbaum for $1,824. That the deed provided that if said Wm. A. Eichbaum should fail to pay said debts to the satisfaction of said parties, that they or either of them might at any time cause the property to be sold to pay their demands; the trustee to sell according to such instructions as the party demanding the sale may give, and in case no instructions are given, the sale to be on a credit of one, two, and three years, the balance, if any, to be divided ratably among the other creditors of said Wm. A. Eichbaum. The deed was made subject to prior liens in favor of other parties. The bill charges that the property was worth over $50,000, and that Henry Eichbaum never gave the bond or took the oath required by §1974 of the Code, and was never released from doing so in writing by the creditors; but, without ever having so qualified, he sold one of the lots conveyed in this deed, a lot on College Street, in Nashville, to James Whitworth for $34,000, Wm. A. Eichbaum joining in the deed, dated June 30, 1866, which is exhibited with the bill. This deed shows that the sale was made upon the direction of John D. Eichbaum, one of the creditors. Whitworth sold the lot, and it passed through several hands, until it came to the hands of John F. Demoville, to whom it was conveyed by the last purchaser preceeding him. The bill says that Whitworth's notes for purchase-money had all been taken up.

This bill is filed by the administrator of Catherine

M. Eichbaum, and of Mary C. Stevens and Thomas Allison, a judgment creditor of John D. Eichbaum, against Henry Eichbaum, the trustee, Wm. A. Eichbaum, the grantor in the deed of trust, John D. Eichbaum, James Whitworth, and John F. Demoville.

The bill proceeds upon two grounds: 1st. That the sale of the lot in question by the trustee was void, because the trustee had not given the bond, or qualified as required by law, and that the creditors had the right to proceed directly to have the property re-sold, and if this be not so, that this was a case where Whitworth should have seen to the application of the purchase-money, and he should be held liable for having failed to do so.

Allison places his claim upon the ground that he is a judgment creditor of John D. Eichbaum, whose debt, secured by the deed, has never been paid, and he has the right to be substituted to his rights.

Whitworth and John D. Eichbaum filed separate demurrers to the bill. Wm. A. Eichbaum answered, but it does not appear whether Henry Eichbaum or Demoville have made any defence. No further steps, however, were taken against them. The cause was heard upon the demurrers of Whitworth and John D. Eichbaum, which were sustained, and the bill as to these defendants dismissed, and upon this decree the cause is before us.

The principal ground of demurrer of John D. Eichbaum is that it appears from the deed exhibited that the sale made by the trustee was made by his direc-

tion, and he is, therefore, clearly bound by it, and his creditor, Allison, must stand in his shoes, and can have no higher right. This is manifestly well taken. The only possible ground upon which Allison could have relief would be upon the ground that the debt due John D. Eichbaum is still unpaid, in which case his relief would lie against the trustee, but the bill does not go upon this ground, nor does the decree below pass upon this question.

Whitworth's demurrer first assumes, that if the complainants proceed upon the ground that the sale of the lot was void, then their remedy is against the property in the hands of the present owner or claimant, and for this purpose he is not a necessary party, as the bill shows that he had conveyed it away before his bill was filed, and now has no claim upon it. This, we think, is well taken, beyond doubt. 2d. If the bill proceeds upon the grounds that he should be held to have seen to the application of the purchase-money, that the bill does not make a case for this relief, we are of opinion that the bill does not make a case for relief upon this ground. We do not deem it necessary to discuss the question, as we think it free from difficulty.

The question principally discussed is whether the sale by the trustee passed the title, or was void because the trustee failed to give the bond, or qualify as required.

This, however, is a question between the complainants and Demoville.

The only decree made by the Chancellor was sustaining the demurrers of John D. Eichbaum and Whitworth. This is all the question before us, and we think this decree correct, but we cannot, of course, now decide the question discussed, however clear our views upon it might be.

The decree will be affirmed with costs.